# UNITED STATES DISTRICT COURT

**SEALED**

for the

Eastern District of Louisiana

In the Matter of the Search of  )
*(Briefly describe the property to be searched*  )
*or identify the person by name and address)*  )   Case No. 22-MC-879
The property known as:  )
Email Address: nsobig504@gmail.com that is stored at premises  )
owned, maintained, controlled, or operated by Google LLC, 1600  )
Amphitheatre Parkway, Mountain View, CA 94043

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____Northern_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252(a)(2) | Receipt and Distribution of Child Pornography |
| 18 U.S.C. § 2252(a)(4)(B) | Possession of Child Pornography |

The application is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Candice M. Wilson
*Applicant's signature*

Special Agent Candice M. Wilson, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 04/05/2022

*Judge's signature*

City and state: New Orleans, Louisiana

Honorable Karen Wells Roby, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION FOR A SEARCH WARRANT FOR: | * * | NO. 22-MC-879 |
| THE PROPERTY KNOWN AS: Email Address: nsobig504@gmail.com that is stored at premises owned, maintained, controlled, or operated by Google LLC, 1600 Amphitheatre Parkway, Mountain View, CA 94043 | * * * | **FILED UNDER SEAL** |

AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT

I, Candice M. Wilson, hereinafter referred to as your affiant, being first duly sworn, hereby depose and state as follows:

INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent (SA) with U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) assigned to the Office of the Special Agent in Charge (SAC) New Orleans, Louisiana. I have been employed as such since September of 2020. I subsequently attended the Criminal Investigator Training Program (CITP) and Homeland Security Investigation Special Agent Training (HSISAT) at the Federal Law Enforcement Training Center (FLETC) where I was trained to conduct investigations regarding the violation of federal statutes. I was sworn in as a federal law enforcement officer in October of 2021. As such, I am authorized to investigate violations of laws of the United States and execute warrants issued under the authority of the United States. I am currently assigned to the SAC New Orleans Cyber Crimes Group. This group investigates matters involving the online exploitation of children, particularly in relation to violations of Title 18, United States Code, Section 2252, which criminalize the possession, receipt and transmission of child pornography.

2.     I make this affidavit in support of an application for a search warrant for information associated with a certain account that is stored at premises controlled by Google LLC ("Google"), an email provider headquartered at 1600 Amphitheatre, Parkway Mountain View, California, 94043. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Google to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

3.     I submit this affidavit in support of an application for a search warrant authorizing the search of the Google Account nsobig504@gmail.com (hereinafter referred to as **TARGET ACCOUNT**), as described in Attachment A, for contraband and evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252, which criminalizes the possession, receipt, and transmission of child pornography, specifically 18 U.S.C. § 2252(a)(2) (Receipt and Distribution of Child Pornography) and § 2252(a)(4)(B) (Possession of a Visual Depiction Involving the Use of a Minor Engaging in Sexually Explicit Conduct) as described in Attachment B.

4.     The statements contained in this affidavit are based on information obtained through the course of the investigation and on my experience and background as a Special Agent with HSI, as well as information provided by other law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are sufficient to establish probable cause for issuance of the warrant.

**DETAILS OF THE INVESTIGATION**

5.      On 03/28/2022, your affiant received multiple National Center for Missing and Exploited Children (NCMEC) CyberTipline Reports related to the same Google account.

6.      Cybertip 116139910 reported the uploading of 2 files. The report was received by NCMEC on 01/20/2022, and the indicated incident type was "Apparent Child Pornography." The files were uploaded and stored in Google Drive. Google provided the following suspect information: Chris NGUYEN; DOB: 09/16/1992; Email: **TARGET ACCOUNT**. The IP Address utilized to upload the files was 98.178.204.46.  Additional Information provided by Google stated, "A person at Google viewed the file to the extent necessary to confirm that it contained apparent child pornography concurrently to or immediately preceding the sending of the CyberTip."

7.      Your affiant viewed the files provided with Cybertip 116139910 and confirmed both files to be child pornography, both of which are described below.

8.      File "Google-CT-RPT-7c86a7f14d5c2b148fd71c2d4cb9dd02-C(12).mp4" was uploaded to Google on 12/06/2021. The file is a video that appears to show a male minor and a female minor having sex. The video is zoomed in and focused on the genitals.

9.      File "Google-CT-RPT-56e6360ff2b597aac912f586d4a6acc3-CP_.38.mp4" was uploaded to Google on 12/06/2021. The file is a video in which a female minor can be seen licking an adult male's penis.

10.     Cybertip 115954420 reported the uploading of 12 files. The report was received by NCMEC on 01/19/2022 and the indicated incident type was "Child Pornography (possession, manufacture, and distribution)." The files were uploaded and stored in Google Drive. Google provided the same suspect information and IP Address that was provided with Cybertip 116139910. Additional Information provided by Google stated, "A person at Google viewed the

3

file to the extent necessary to confirm that it contained apparent child pornography concurrently to or immediately preceding the sending of the CyberTip."

11. Your affiant viewed the files provided with Cybertip 115954420 and confirmed the files to be child pornography. One of which is described below.

12. File "Google-CT-RPT-704e0d5e2fc33fff344eef58fb673cac-2.mpeg" was uploaded to Google on 01/15/2022. The file is a video in which an adult male is having sex with a female infant.

13. Based on this information, your affiant believes **TARGET ACCOUNT** contains evidence of violations of 18 U.S.C. § 2252.

## CHILD PORNOGRAPHY COLLECTOR CHARACTERISTICS

14. Based on your affiant's knowledge and experience, and the knowledge and experience of other law enforcement officers who conduct child exploitation investigations, individuals who collect child pornography are sexually attracted to children, their sexual arousal patterns and erotic imagery focus, in part or in whole, on children. The collection may be exclusively dedicated to children of a particular age/gender or it may be more diverse, representing a variety of sexual preferences, including children. Child pornography collectors express their attraction to children through the collection of sexually explicit materials involving children as well as other seemingly innocuous material related to children.

15. These individuals may derive sexual gratification from actual physical contact with children as well as from fantasy involving the use of pictures or other visual depictions of children or from literature describing sexual contact with children. The overriding motivation for the

collection of child pornography may be to define, fuel, and validate the collector's most cherished sexual fantasies involving children.

16. Visual depictions may range from fully clothed depictions of children engaged in non-sexual activity to nude or partially nude depictions of children engaged in explicit sexual activity. In addition to child pornography, these individuals are also likely to collect other paraphernalia related to their sexual interest in children. This other material is sometimes referred to as "child erotica" which is defined as any material, relating to children, that serves a sexual purpose for a given individual. It is broader and more encompassing than child pornography, but at the same time the possession of such corroborative material, depending on the context in which it is found, may be behaviorally consistent with the offender's orientation toward children and indicative of his intent. It includes things such as fantasy writings, letters, diaries, books, sexual aids, souvenirs, toys, costumes, drawings, cartoons, and non-sexually explicit visual images.

17. Child pornography collectors reinforce their fantasies, often by taking progressive, overt steps aimed at turning the fantasy into reality in some or all of the following ways: collecting and organizing their child-related material; masturbating while viewing the child pornography; engaging children, online and elsewhere, in conversations, sometimes sexually explicit conversations, to fuel and fortify the fantasy; interacting, both directly and indirectly, with other like-minded adults through membership in organizations catering to their sexual preference for children thereby providing a sense of acceptance and validation within a community; gravitating to employment, activities and/or relationships which provide access or proximity to children; and frequently persisting in the criminal conduct even when they have reason to believe the conduct has come to the attention of law enforcement. These are need-driven behaviors to which the

offender is willing to devote considerable time, money, and energy despite risks and contrary to self-interest.

18.     The collection may include sexually explicit or suggestive materials involving children, such as photographs, magazines, narratives, motion pictures, video tapes, books, slides, drawings, computer images or other visual media. The collector is aroused while viewing the collection and, acting on that arousal, he often masturbates thereby fueling and reinforcing his attraction to children. This is most easily accomplished in the privacy of his own home.

19.     Because the collection reveals the otherwise private sexual desires and intent of the collector and represents his most cherished sexual fantasies, the collector rarely, if ever, disposes of the collection. The collection may be culled and refined over time, but the size of the collection tends to increase. Individuals who use a collection in the seduction of children or to document that seduction treat the materials as prized possessions and are especially unlikely to part with them. Even if a child pornography collector does delete files from his hard drive or other electronic media, a computer expert can still retrieve those files using forensic tools.

## BACKGROUND ON GOOGLE AND EMAIL

20.     Through my training and experience, I have learned that Google provides a variety of online services, including electronic mail ("email") access to the public. Google subscribers obtain an account by registering with Google. During the registration process, Google asks subscribers to provide basic personal information. Therefore, the computers of Google are likely to contain stored electronic communications (including retrieved and unretrieved email for Google subscribers) and information concerning subscribers and their use of Google's services, such as data regarding account access and email transactions. In my training and experience, such

information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

21. In addition to accessing and storing emails, a Google subscriber can store files on the Google infrastructure, such as address books or contact lists, calendar data, pictures/videos, and documents, even when such files are not attached to emails. In my training and experience, evidence of who was using an email account may be found in address books, contact or buddy lists, email in the account, and attachments to emails, including pictures and files.

22. In my training and experience, email providers generally ask their subscribers to provide certain personal identifying information when registering for an email account. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users. Based on my training and my experience, I know that, even if subscribers insert false information to conceal their identity, this information often provides clues to their identity, location, or illicit activities.

23. In my training and experience, email providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (*i.e.*, session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, email providers often have records of the Internet Protocol address ("IP

address") used to register the account and the IP addresses associated with logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the email account.

24. As explained herein, information stored in connection with an email account may provide crucial evidence of the "who, what, when, where, why, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, the information stored in connection with an email account can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, email communications, contacts lists, and images sent (and the data associated with the foregoing, such as date and time) may indicate who used or controlled the account at a relevant time. Further, information maintained by the email provider can show how and when the account was accessed or used.

## CONCLUSION

25. Based on the forgoing, your affiant requests that the Court issue the proposed search warrant.

26. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. The government will execute this warrant by serving the warrant on Google. Because the warrant will be served on Google, who will then compile the

requested records at a time convenient to Google LLC, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

/s/ *Candice M. Wilson*
Candice M. Wilson
Special Agent
Homeland Security Investigations

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue.  In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Subscribed and sworn to before me on
this 5th day of April, 2022
in New Orleans, Louisiana.

_____
HONORABLE KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with nsobig504@gmail.com that is stored at premises owned, maintained, controlled, or operated by Google LLC, a company headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

**ATTACHMENT B**

**Particular Things to Be Seized**

I.     **Information to be disclosed by Google LLC (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, regardless of whether such information is located within or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A:

    a.    The contents of all emails associated with the account from **January 1, 2022 to present**, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email;

    b.    All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

    c.    The types of service utilized;

    d.    All records or other information stored by an individual using the account, including address books and contact lists, calendar data, pictures/videos, and documents; and

    e.    All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

The Provider is hereby ordered to disclose the above information to the government within **14 days** of service of this warrant.

**II.     Information to be seized by the government**

All information described above in Section I, including correspondence, records, documents, photographs, videos, electronic mail, chat logs, and electronic messages that constitute fruits, evidence and instrumentalities of violations of 18 U.S.C. §§2252A(a)(2) and (a)(5)(B) (prohibiting the distribution of, possession of, or accessing with the intent to view child pornography), including, for each account listed on **Attachment A**, information pertaining to the following matters:

a.     Messages, communications, records, and files associated with or attached to email or chat messages, and transactional data that constitute evidence of, or that may have been used to facilitate, or that were capable of being used to commit or further, violations of 18 U.S.C. §§ 2252(a)(2) or 2252(a)(4)(B).

b.     Images, videos, and other files depicting children engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256.

c.     Communications that pertain to or are evidence of the distribution, receipt, or possession of child pornography, or accessing with the intent to view child pornography.

d.     Information relating to who created, used, or communicated with the account, including records about their identities and whereabouts.

e.     Information indicating the Accounts owner's or user's state of mind as it relates to the crimes under investigation.

**III.     Search procedure:**

a.      The warrant will be executed under the Stored Communications Act, and in particular 18 U.S.C. §§ 2703(a), (b)(1)(A), and (c)(1)(A).  Google shall disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of this attachment.

b.      Upon receipt of the information from Google, government personnel will segregate the information into two groups: (i) information that is subject to seizure under Section II of this attachment; and (ii) information that is not subject to seizure under Section II.  This review will be performed within a reasonable period of time not to exceed 180 days from the date that Google provides data in response to the warrant.  If the government needs additional time to conduct this initial review, it may seek an extension of time from the Court.

c.      Information that is subject to seizure under Section II of this attachment will be copied onto a separate storage device or medium.  Such information may be used by law enforcement in the same manner as any other seized evidence.  Information that is not subject to seizure under Section II of this attachment shall be sealed by government personnel and stored in a secure location.  Such information will not be reviewed again without further order of the court (*e.g.*, a subsequent search warrant or order to unseal by the court).

d.      The government will retain a complete copy of the information received from Google for a number of reasons, including proving the authenticity of evidence to be used at trial, responding to questions regarding the corruption of data, establishing the chain of custody of data, refuting claims of fabricating, tampering with, or destroying data, and addressing potential exculpatory evidence claims where, for example, a defendant claims that the government avoided its obligations by destroying data or returning it to a third party.